IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
NICHOLAS VINSON, LADEXTER VINSON,  )
YUTIV VINSON FUQUA, and THOMAS     )
VINSON, JR.,                       )
                Plaintiff,         )
                                   )
v.                                 )
                                   )   Civil Action No. 2:15CV885-WHA
METROPOLITAN LIFE INSURANCE CO.,   )   (wo)
INTERNATIONAL PAPER CO., etc.,     )
                                   )
                Defendants.        )
```

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on Defendant International Paper Company's Motion to Dismiss (Doc. #19), and the Plaintiffs' Motion to Amend Their Complaint (Doc. #22).

Nicholas Vinson, LaDexter Vinson, Yutiv Vinson Fuqua, and Thomas Vinson, Jr. ("the Plaintiffs"), filed a Complaint in this case in the Circuit Court of Montgomery, Alabama. The Complaint asserted claims for breach of an insurance policy (Count One) and bad faith (Count Two). The case was removed to this court on the basis of diversity jurisdiction because the Plaintiffs are citizens of Alabama and Ohio, Defendant Metropolitan Life Insurance Co. ("MetLife") is a citizen of New York and International Paper Company ("International Paper") is a citizen of New York and Tennessee. The Plaintiffs seek to recover approximately $250,000 in life insurance and other damages. No Motion to Remand was filed. Diversity subject matter jurisdiction exists in this case. 28 U.S.C. §1332.

The Plaintiffs filed, with leave of court, an Amended Complaint again bringing claims for breach of contract and bad faith, but adding a claim under the Employee Retirement Income

Security Act of 1974 ("ERISA"), and, in the alternative, for breach of fiduciary duty pursuant to 29 U.S.C. §1132.

International Paper filed a Motion to Dismiss. In response, the Plaintiffs seek to amend their Complaint an additional time, stating that discovery has revealed that the Plaintiffs have additional claims. The Plaintiffs seek to omit the Count II claim for bad faith against International Paper Company, to assert a new negligence claim and a new ERISA §510 claim against International Paper. The Plaintiffs also seek to state a claim against a new party, Mark Azzarello, under ERISA.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part and the Motion to Amend is due to be DENIED.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only

enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III.   FACTS

The allegations of the Plaintiffs' Amended Complaint are as follows:

The Plaintiffs are beneficiaries of a life insurance policy issued to Plaintiffs' decedent, Dexter W. Vinson.  Dexter W. Vinson was hired by International Paper in 1979.  He purchased life insurance from Metropolitan Life Insurance Company ("MetLife") and paid for the policy premiums through a payroll deduction. It is alleged in the Amended Complaint that the policy in question was agreed by MetLife and International Paper to not be governed by ERISA.

When Dexter W. Vinson died, notice of the claim under the policy was provided to MetLife.   MetLife denied the claim on the basis that the policy had lapsed.   The lapse was said to be as a result of non-payment because Dexter W. Vinson was no longer eligible for payroll deduction at the time of his death because he was on disability.  The Amended Complaint alleges that the life insurance policy states that if the employee is retired, the employee will be considered to be on the payroll deduction plan.  The Amended Complaint alleges that International Paper was charged with continuing the payments under the payroll deduction election and failed in that duty.

### IV. DISCUSSION

With respect to the Motion to Amend, International Paper points out that the motion seeks to amend the Amended Complaint well after the deadline for amendment of the pleadings. International Paper contends that the papers upon which the Plaintiff relies were available to the Plaintiffs before the amendment deadline passed.

The court entered its Uniform Scheduling Order in this case on January 26, 2016. The order set April 1, 2016, as the deadline for Plaintiffs to amend their Complaint, which deadline was requested by the parties in their Report of Parties Planning Meeting. On April 1, 2016, the deadline for Plaintiffs to amend, the Plaintiffs did move to file an amended complaint (Doc. #15), the motion was granted, and the Amended Complaint attached to the Plaintiffs' motion was filed. The current motion to file a Second Amended Complaint comes over a month after the deadline set out in the scheduling order.

Scheduling orders entered by the court are to be followed, in the absence of good cause shown as to why a deadline could not be followed with due diligence. A review of the file in this case shows that the information referred to by the Plaintiffs as a reason for seeking to file a Second Amended Complaint was readily available to the Plaintiffs well before the amendment deadline. The court finds that the Plaintiffs have failed to show good cause and due diligence necessary to satisfy their burden under Fed. R. Civ. P.16(b)(4). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (stating that not requiring a showing of good cause would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure). The Motion to Amend is, therefore, due to be DENIED.

With respect to the Motion to Dismiss the Amended Complaint, International Paper argues that it should be dismissed from this case because it was not a party to and has no obligation to pay any proceeds from the MetLife policy. International Paper argues that the Plaintiffs fail to plead a viable breach of contract or bad faith claim as to it and the additional claim in Count Three is based on speculation and legal conclusions.

The Plaintiffs concede that the bad faith claim in Count Two against International Paper is due to be dismissed.   The Plaintiffs argue with regard to the breach of contract claim in Count One that the policy appears to reflect that there were agreements between International Paper and MetLife.   The claim for relief in Count One, however, is that the "Defendants have breached, and continue to breach, their contractual duties under the policy of insurance by failing and refusing to pay benefits owed the Plaintiffs." (Doc. #17 at p.9).   The contract alleged to be breached is the insurance contract, to which International Paper is not a party.   Therefore, the claim in Count One is due to be dismissed as to International Paper.

The remaining claim is the claim in Count Three. International Paper moves to dismiss this claim on the basis that the claim is vague and relies on speculation. International Paper points out that the Count alleges both that a payroll continuation plan may and may not be governed by ERISA.

Count Three invokes ERISA and also alternatively pleads a breach of fiduciary duty based on an allegation of fact that the life insurance funding should have continued during the disability of Dexter Vinson.   There is no prohibition against pleading claims in the alternative. Fed. R. Civ. P. 8 (stating "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."). While some aspects of Count Three are conclusory or speculative, the Amended Complaint has alleged that MetLife denied payment of the life insurance benefit because the policy had lapsed due to lack of premium payments, and that International Paper had a duty to fund the policy through a plan, which it failed to do, or had a fiduciary duty pursuant to 29 U.S.C. §1132 to pay

5

the premiums.   The court concludes that, considering the non-conclusory and non-speculative portions of the Amended Complaint, the Plaintiffs can proceed on their alternatively stated claims in Count Three.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #19 is GRANTED as to Counts One and Two and those claims are dismissed as against International Paper.

2. The Plaintiffs' Motion to Amend Their Complaint (Doc. #22) is DENIED.

3. This case will proceed on Counts One and Two against MetLife and on Count Three against MetLife and International Paper.

Done this 3rd day of June, 2016.

  /s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE