IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NICHOLAS VINSON, LADEXTER VINSON, )
YUTIV VINSON FUQUA, and THOMAS )
VINSON, JR., )
        Plaintiff, )
 )
v. )
 )   Civil Action No. 2:15CV885-WHA
METROPOLITAN LIFE INSURANCE CO., )   (wo)
INTERNATIONAL PAPER CO., etc., )
 )
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on Defendant International Paper Company's Motion to Dismiss (Doc. #43).

Nicholas Vinson, LaDexter Vinson, Yutiv Vinson Fuqua, and Thomas Vinson, Jr. ("the Plaintiffs"), filed a Complaint in this case in the Circuit Court of Montgomery, Alabama. The Complaint asserted claims for breach of an insurance policy (Count One) and bad faith (Count Two). The case was removed to this court on the basis of diversity jurisdiction. The Plaintiffs are citizens of Alabama and Ohio, Defendant Metropolitan Life Insurance Co. ("MetLife") is a citizen of New York and International Paper Company ("International Paper") is a citizen of New York and Tennessee. The Plaintiffs seek to recover approximately $250,000 in life insurance and other damages. No Motion to Remand was filed. Diversity subject matter jurisdiction exists in this case. 28 U.S.C. §1332.

The Plaintiffs filed, with leave of court, an Amended Complaint again bringing claims for breach of contract and bad faith, but adding a claim under the Employee Retirement Income

Security Act of 1974 ("ERISA"), and, in the alternative, for breach of fiduciary duty pursuant to 29 U.S.C. §1132.

International Paper filed a Motion to Dismiss which this court granted in part and denied in part. The Plaintiffs were then given an additional opportunity to replead a breach of contract claim against International Paper, and did so.  The instant Motion to Dismiss is directed to the newly-pled breach of contract claim.

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.

## II.   MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.   *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).    "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).    To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."   *Id.* at 570.    The factual allegations   "must be enough to raise a right to relief above the speculative level."   *Id*. at 555.

## III.   FACTS

The allegations of the Plaintiffs' Amended Complaint are as follows:

The Plaintiffs are beneficiaries of a life insurance policy issued to Plaintiffs' decedent, Dexter W. Vinson ("Vinson"). Vinson was hired by International Paper in 1979. He purchased life insurance from Metropolitan Life Insurance Company ("MetLife") and paid for the policy premiums through a payroll deduction. It is alleged in the Amended Complaint that the policy in question was agreed by MetLife and International Paper to not be governed by ERISA.

Vinson became disabled. It is alleged in the Amended Complaint that International Paper acknowledged his retirement due to disability. When Vinson died, notice of the claim under the policy was provided to MetLife. MetLife denied the claim on the basis that the policy had lapsed. The lapse was said to be as a result of non-payment because Dexter W. Vinson was no longer eligible for payroll deduction at the time of his death.

The Amended Complaint alleges that International Paper had various duties and rights under the contract for life insurance, including the administration of the Payroll Deduction Plan. The Amended Complaint alleges that the life insurance policy states that if the employee is retired, the employee will be considered to be on the payroll deduction plan. The Amended Complaint further alleges that International Paper was charged with continuing the payments under the payroll deduction election and failed in that duty and also failed in its contractual duty to inform Vinson that it was no longer submitting his payments through the Payroll Deduction Plan until 3 months after it had stopped submitting his premium payments.   The Plaintiffs allege that they were damaged by International Paper in the amount of benefits that MetLife denied his beneficiaries under the policy.

## IV. DISCUSSION

When the court addressed the Plaintiffs' initially-pled breach of contract claim against

International Paper, the court noted that the Plaintiffs argued with regard to the breach of contract claim against International Paper that the policy appeared to reflect that there were separate agreements between International Paper and MetLife, but that the claim was for breach of the insurance contract and the recovering of benefits. The court could not discern a basis for liability on the part of International Paper under those facts. Having been given an additional opportunity to clarify the claim, the Plaintiffs have alleged the breach of a tripartite contract for insurance by International Paper in its failure to continue to make payroll deductions and to inform Vinson that it had discontinued making payroll deductions. As noted, the Plaintiffs allege damages in the amount of benefits that MetLife denied Vinson's beneficiaries.

In their briefs, the parties have not cited the court to any cases addressing the theories of breach of contract as alleged. The court is aware of at least one decision in which both the employer responsible for a payroll deduction procedure and the insurance company were held responsible for a breach of an insurance contract which fell within the ERISA Safe Harbor provision. *See Johnson v. Watts Regulator Co*., No. 92-508-JD, 1994 WL 587801 (D. N. H. Oct. 26, 1994), *aff'd*, 63 F.3d 1129 (1st Cir. 1995).

In this case, the certificate of insurance provided by the Plaintiffs in support of their claim states that contributions will be sent monthly by the employer (Doc. #43-1). It further states that if the Payroll Deduction procedure ends, further contributions can be paid directly to MetLife. It also states that an employee may be considered to be on the Payroll Deduction Plan under procedures agreed to by the insurance company and the employer. (Doc. #43-1).

In their briefing, the parties have referred to various documents, including an Agreement and Trust. International Paper's argument essentially is that these documents have not been

provided, and the Plaintiffs have not pled their claim with sufficient specificity. (Doc. #52 at p.5). The Plaintiffs also request that the court not convert the Motion to Dismiss into a Motion for Summary Judgment. (Doc. #49 at p.10 n.8).

At this pleading stage, where only notice pleading and not heightened pleading is required, and with the clarification of the claim by the Plaintiffs, the court finds that the argument that the documents, not all of which are before the court, do or do not support the Plaintiffs' theories is more appropriately evaluated in the context of a Motion for Summary Judgment. The court concludes that the more appropriate course is to allow the breach of contract claim to proceed to the summary judgment stage rather than convert the instant motion to a motion for summary judgment. It may well be that ultimately there will be insufficient proof of a contractual duty by International Paper, but at this point, the court cannot conclude that the Defendants have adequately demonstrated that the claim is due to be dismissed.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion to DISMISS (Doc. #42) is DENIED.

Done this 4th day of November, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

5